UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF NEWPORT
FREEDOG, LLC AND THOMAS W. CAREY
AS OWNERS OF THE 2018 34 FOOT PURSUIT
BEARING HULL IDENTIFICATION                     Case No. 8:18-cv-647-T-23AEP
NUMBER SSUS2111F718, HER ENGINES,
TACKLE, APPAREL, AND APPURTENANCES,
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Newport Freedog, LLC and Thomas W. Carey (collectively, "Plaintiffs"), as owners of the 2018 34-foot Pursuit bearing hull identification number SSUS2111F718 (the "Vessel"), initiated this action in admiralty claiming the right to exoneration from or limitation of liability for all claims arising out of a boating accident in the vicinity of Clearwater, Florida, on September 23, 2017. Currently before the Court is Plaintiffs' Motion for Default Judgment against Non-Filing Claimants (Doc. 16). By the motion, Plaintiffs seek entry of a default judgment of exoneration from liability against all persons and entities, including Tatum E. Murphy ("Murphy") and The Rawlings Company ("TRC"), who failed to file claims or answers by the Monition deadline of May 15, 2018. Given that the required notice has been given and the time for filing a claim or answer has expired, it is recommended that Plaintiffs' motion be granted and that a default judgment be entered as to all claimants, including Murphy and TRC, who failed to file or otherwise state a claim by May 15, 2018.[1]

---

[1] The matter is referred for issuance of a report and recommendation.

## I. Background

Plaintiffs initiated this proceeding pursuant to 46 U.S.C. §§ 30501, *et seq*., and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"), claiming the right to exoneration from or limitation of liability for all claims arising out of the collision on September 23, 2017 (Doc. 1). Plaintiffs seek exoneration pursuant to Supplemental Rule F(2) and, alternatively, the benefit of limitation of liability as set forth in 46 U.S.C. §§ 30501-30511. Upon consideration, the Court entered its Order approving Plaintiffs' Ad Interim Stipulation, directing Issuance of Monition and Injunction, approving Plaintiffs' Complaint for Exoneration from or Limitation of Liability, and staying all actions or proceedings against Plaintiffs arising out of the September 23, 2017 collision until final determination of this action (Doc. 6). That Order required, among other things, that public notice of the Monition be given by publication once each week for four consecutive weeks in the *Tampa Bay Times* prior to the date fixed for filing claims, that Plaintiffs mail a copy of the Monition to every person known to have made a claim against them or the vessel arising out of the incident set forth in the Complaint no later than the day of the second publication, and that all potential claimants file with the Clerk of Court and serve Plaintiffs' attorney with a copy of their claims no later than May 15, 2018 (Doc. 6).

As required by Rule F of the Supplemental Rules and Local Admiralty Rule 7.06, the notice was published weekly for four consecutive weeks beginning April 12, 2018 (Doc. 7). On May 15, 2018, Claimant Thomas A. Pepin ("Pepin") filed his answer, affirmative defenses, and claim (Docs. 8 & 9). Pepin alleged that his personal watercraft with hull identification number YDV37164D616 sustained damage after the collision with the Vessel in the vicinity of Clearwater Beach, Florida, on September 23, 2017, and thus he asserted claims for negligence and contribution as well as several affirmative defenses (Docs. 8 & 9).

Subsequently, the Clerk entered default against Murphy, TRC, and any and all potential claimants who failed to file claims or answers to the Complaint in this action (Docs. 14 & 15). Thereafter, Plaintiffs filed the instant motion, seeking default judgment under Rule 55(b)(2) (Doc. 16). To date, Pepin is the only claimant who filed a claim in this action. Since the entry of the default, no other parties or potential claimants have filed a claim.

## II.  Discussion

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supplemental Rule F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided …." Supplemental Rule F(5). If a claimant desires thereafter to contest either the right to exoneration from or the right to limitation of liability, the claimant then shall file and serve an answer to the complaint, unless the claim included an answer. Supplemental Rule F(5).

In actions arising under these rules, a default judgment will be entered against any potential claimant who failed to respond to public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled his or

her "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012). In this instance, Plaintiffs fulfilled their obligations and, as such, a default judgment is warranted. Namely, the notice was published and appeared once a week for four consecutive weeks in the *Tampa Bay Times* starting April 12, 2018 (Doc. 7). The notice expressly stated that the deadline for filing a claim or answer was May 15, 2018, and that the failure to file a claim or answer could result in the waiver of the right to file such claim or answer (*see* Doc. 7). Thus, the required notice has been given, and the time for filing a claim has expired. Only Pepin timely filed a claim. A clerk's default has been entered against Murphy, TRC, and "all persons and entities who failed to file claims or answers to the Complaint" as of May 15, 2018 (Doc. 15). Given the foregoing, a default judgment now should be entered.

**III.   Conclusion**

After consideration, it is hereby

RECOMMENDED:

1. Plaintiffs' Motion for Default Judgment against Non-Filing Claimants (Doc. 16) be GRANTED**.**

2. A default judgment be entered against Tatum E. Murphy, The Rawlings Company, and all persons and entities who failed to file a claim and/or answer within the established notice period.

3. All persons and entities who failed to file a claim or answer be barred from the filing of any further claims or answers in these proceedings or in any other proceedings related to or arising out of the event described in the Complaint (Doc. 1).

IT IS SO REPORTED in Tampa, Florida, on this 16th day of July, 2018.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc: Hon. Steven D. Merryday
    Counsel of Record